IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00472-DDD-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    CHRISHEENA SHANTE MCGEE,
a/k/a CHRISTINA MARIUS

2.    SANDRA PIERCE BACON

       Defendants.

---

**Joint <u>Unopposed</u> Motion for Ends of Justice Continuance**

---

Defendants Chrisheena McGee and Sandra Bacon, through their individual undersigned counsel, move pursuant to 18 U.S.C. § 3161 to exclude 300 days from the Speedy Trial Clock and to continue all deadlines in the case. The parties are requesting the court reset the trial date to start on April 7, 2025 as all parties are available and will likely be prepared to proceed to trial on the requested date. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. This motion is unopposed by the government.

**Procedural Background**

1. On November 9, 2023, the government filed an indictment against Defendants,

alleging twelve counts of *Wire Fraud and Aiding and Abetting Same,* pursuant to 18 U.S.C. § 1343, 2(a).  *See* Doc. 1-1.

2. On December 18, 2023, the Court held an arraignment and discovery conference for both Defendants, and the parties executed a discovery memorandum.  Docs. 16-18.

3. The following deadlines were set: (a) pretrial motions deadline of December 29, 2023; (b) a trial preparation conference on January 24, 2024, and (c) a ten-day jury trial to commence on January 29, 2024.  Doc. 19.

4. On December 21, 2023, the parties filed a Joint Motion for Speedy Trial for Ends of Justice Continuance. Doc. 20.

5. On January 2, 2024, the Court granted the defendants' motion to continue and reset the following deadlines: (a) pretrial motions deadline of June 26, 2024; (b) a trial preparation conference on July 24, 2024 and (c) a ten-day jury trial to commence on July 29, 2024.  Doc. 21.

6. On June 6, 2024, undersigned counsel conferred with this Honorable Court's chambers regarding the Court's availability; the Court's clerk indicated the court would likely have availability for a ten-day jury trial beginning April 7, 2025. If the Court grants this motion and reschedules the jury trial, all parties have conferred and are available for trial beginning April 7, 2025.

## Law and Argument

1. The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires

that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 440-41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

2. A continuance under the Speedy Trial Act is appropriate where failure to grant a continuance would deny the defendant the ability to fully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

3. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving

party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

4. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

5. Here, a 300-day continuance, if granted, would accomplish the purpose underlying the request for a continuance as it would allow undersigned counsels the time to conduct investigation, conduct legal research, prepare pretrial motions, and prepare for trial.

6. The motions deadline is currently set for June 26, 2024. Undersigned counsel have both received discovery, but it is voluminous, the index itself is 115 pages. Counsel needs additional time to review the discovery before the motions deadline.

7. Per Mr. Fansler, the government does not object to the continuance. All parties have conferred and believe that a trial date beginning on April 7, 2025 would be a realistic date to proceed to trial. Setting the trial that date would permit all parties sufficient time to prepare the trial. All parties anticipate it would be unlikely they would seek another ends of justice continuance if the Court grants this motion and sets the trial to begin April 7, 2025.

8. Without the exclusion of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendants' right to be effectively represented in these proceedings will be seriously damaged.

9. Undersigned counsels have informed their respective clients of the present motion. Both Defendants understand the impact of this request on the currently scheduled deadlines for motions practice and trial and have no objection to the requested exclusion.

## Conclusion

WHEREFORE, Defendants Chrisheena McGee and Sandra Bacon respectfully requests that the Court enter an order excluding 300 days from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7).

Dated: June 11, 2024.

                                Respectfully submitted,
                                *s/ Katherine Hartigan*
                                Katherine Hartigan
                                Hartigan Law, LLC
                                1563 N. Gilpin Street
                                Denver, CO 80218
                                Phone: 720.445.5984
                                Email: khm@hartiganlawllc.com
                                *Attorney for Sandra Bacon*

                                *s/Marci G. LaBranche*
                                Marci G. LaBranche
                                STIMSON LABRANCHE HUBBARD, LLC
                                1652 Downing Street
                                Denver, CO 80218
                                Phone/Fax:   720.689.8909
                                Email:   labranche@slhlegal.com
                                *Attorney for Chrisheena McGee*

**Certificate of Service**

      I certify that on June 11, 2024, I electronically filed the foregoing *Joint Unopposed Motion for Ends of Justice Continuance* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig Gordon Fansler
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
craig.fansler2@usdoj.gov

                                                   *s/ Katherine Hartigan*
                                                   Katherine Hartigan