IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00472-DDD-1

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    CHRISHEENA SHANTE MCGEE,
a/k/a CHRISTINA MARIUS

2.    SANDRA PIERCE BACON

       Defendants.

---

## Joint <u>Unopposed</u> Motion for 90 Day Ends of Justice Continuance
---

Chrisheena McGee and Sandra Bacon, through their individual undersigned counsel, move pursuant to 18 U.S.C. § 3161 to exclude 90 days from the Speedy Trial Clock, reset the deadline for the government to prepare a *James* log, and to vacate and reset the trial currently set for April 7, 2025. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendants in a speedy trial. This motion is unopposed by the government.

## Procedural Background

1.    On November 9, 2023, the government filed an indictment against Ms. McGee and Ms. Bacon alleging twelve counts of *Wire Fraud and Aiding and Abetting Same,* pursuant to 18 U.S.C. § 1343, 2(a). *See* Doc. 1 with attachments.

2. On December 18, 2023, the Court held an arraignment and discovery conference for both Defendants, and the parties executed a discovery memorandum. Docs. 15-18.

3. The following deadlines were set: (a) pretrial motions deadline of December 29, 2023; (b) a trial preparation conference on January 24, 2024, and (c) a ten-day jury trial to commence on January 29, 2024. Doc. 19.

4. On December 21, 2023, the defendants filed a Joint Unopposed Motion for Ends of Justice Continuance. Doc. 20.

5. On January 2, 2024, the Court issued an Order Granting Motion to Continue. The following deadlines were set: (a) pretrial motions deadline of June 26, 2024; (b) a trial preparation conference on July 3, 2024, and (c) a ten-day jury trial to commence on July 29, 2024. Doc. 21.

6. On June 11, 2024, the defendants filed another Joint Unopposed Motion for Ends of Justice Continuance. Doc. 25.

7. On July 5, 2024, the Court issued an Order Granting Second Motion to Continue and Revising Pretrial Deadlines. The deadlines were re-set: (a) pretrial motions deadline of January 10, 2025; (b) a trial preparation conference on March 26, 2025, and (c) a ten-day jury trial to commence on April 7, 2025. Doc. 26.

8. Both defendants have filed pretrial motions, including Ms. McGee's motion for a *James* hearing to address the admission of alleged co-conspirator statements under F.R.E. 801(d)(2)(E). The defendants are not asking the Court for additional time to file further motions.

9. There are 67 days remaining on the speedy trial clock.

### Law and Argument

10. The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 440-41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

11. A continuance under the Speedy Trial Act is appropriate where failure to grant a continuance would deny the defendant the ability to fully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

12. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

13. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

14. Defendants have both been diligent in reviewing discovery and preparing pretrial motions in this case. However, additional time is needed for all Parties – the government included - to litigate pretrial motions, obtain rulings and prepare for trial based upon those rulings.

15. A 90-day continuance, if granted, would accomplish this purpose. It would also allow the defendants to continue their ongoing plea negotiations with the prosecution.

16. Per Mr. Fansler, the government does not object to the requested continuance and agrees that, based upon the volume of discovery in this case, litigation related to the *James* motion will require additional time for the government to prepare a *James* log, conduct a *James* hearing, and prepare for trial based on the Court's rulings.

17. Undersigned counsel informed Ms. McGee and Ms. Bacon of the present motion. Both understand the impact of this request on the currently scheduled deadlines for trial and have no objection to the requested exclusion.

## Conclusion

WHEREFORE, Ms. McGee and Ms. Bacon respectfully request that the Court enter an order excluding 90 days from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7) and reset the April 7, 2025, trial date to a date after August 1, 2025. Defendants also respectfully request the Court extend the deadline for the government to prepare a *James* log from January 24, 2025, March 4, 2025, with a response date for defendants of March 25, 2025. Finally, all parties request that the Court set an evidentiary *James* hearing for April 8, 2025.

Dated: January 21, 2025.

Respectfully submitted,

*s/Marci G. LaBranche*
Marci G. LaBranche
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone/Fax: 720.689.8909
Email: labranche@slhlegal.com
*Attorney for Chrisheena McGee*

*s/ Gene Rossi*_____
Gene Rossi
Carlton Fields, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC 20007-5208
Phone: 202.965.8119
Fax: 202.965.8104
Email: GRossi@carltonfields.com


*s/ Katherine Hartigan*
Katherine Hartigan
Hartigan Law, LLC
1563 N. Gilpin Street
Denver, CO 80218
Phone: 720.445.5984
Email: khm@hartiganlawllc.com
*Attorneys for Sandra Bacon*

**Certification of Compliance:** I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Marci G. LaBranche*_____
Marci G. LaBranche

**Statement of Speedy Trial Impact:** This is a pretrial motion that tolls the speedy trial clock for a period of time. *See* 18 U.S.C. 3161(h)(1)(D) (excluding any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.") The Court previously granted an ends-of-justice continuance on July 2, 2024. (Doc. 266).

*s/ Marci G. LaBranche*_____
Marci G. LaBranche

**Certificate of Service**

      I certify that on January 21, 2025, I electronically filed the foregoing *Joint Unopposed Motion for 90 Day Ends of Justice Continuance* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig Gordon Fansler
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
craig.fansler2@usdoj.gov


Bryan D. Fields
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
bryan.fields3@usdoj.gov

                                                  *s/ Nancy Hickam*
                                                  Nancy Hickam, Paralegal