IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:23-cr-00472-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) CHRISHEENA SHANTE McGEE**, a/k/a Christina Marius; and
**(2) SANDRA PIERCE BACON**,

    Defendant.

## ORDER GRANTING FOURTH MOTION TO CONTINUE

Defendant Sandra Pierce Bacon moves to continue the trial date in this case, exclude 180 days when computing the time within which the defendants' trial must commence under the Speedy Trial Act, and reset certain pretrial deadlines. Doc. 43. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial. Accordingly, Ms. Bacon's motion is granted, with some adjustments to her requested deadlines for *James* proceedings.

### PROCEDURAL HISTORY

On November 9, 2023, the defendants were each charged by indictment with twelve counts of wire fraud. Doc. 1. On November 28, the defendants had their initial appearances in this Court. Docs. 4, 7. On December 18, the defendants entered pleas of not guilty at their arraignments, Docs. 15, 16, making February 6, 2024 the deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). That

- 1 -

same day, I entered an order setting trial to commence on January 29, 2024. Doc. 19. On December 21, 2023, the defendants filed a motion to continue the trial date and exclude 180 days of Speedy Trial Act time. Doc. 20. I granted that motion and reset trial to commence on July 29, 2024. Doc. 21. On June 11, 2024, the defendants filed a motion to continue the trial date and exclude 300 days of Speedy Trial Act time. Doc. 25. I granted that motion, revised certain pretrial deadlines, and reset trial to commence on April 7, 2025. Doc. 26. On January 21, 2025, the defendants filed a motion to continue the trial date and exclude ninety days of Speedy Trial Act time. Doc. 36. I granted that motion, set deadlines for *James* proceedings, and reset trial to commence on August 4, 2025. Doc. 37. On April 28, Ms. Bacon filed the motion to continue currently before me. Doc. 43; *see also* Doc. 44. The Government and Defendant Chrisheena Shante McGee do not oppose the requested continuance. Doc. 43 at 1.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Ms. Bacon requests a continuance to allow time for necessary treatment for a serious medical condition. Doc. 43 at 1, 5-6; Doc. 44.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Ms. Bacon and her counsel have not been diligent in conducting necessary pretrial tasks. It also appears likely that the continuance, if granted, would accomplish the stated purpose of allowing adequate time for Ms. Bacon to receive necessary medical treatment. The Government and Ms. Bacon's co-defendant do not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Ms. Bacon might be significantly prejudiced if the continuance is denied, as she will be unable to work effectively with her counsel to prepare for *James* proceedings and trial during the course of her treatment.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial. Without the requested continuance, Ms. Bacon will be unable to effectively respond to the Government's *James* log, and the parties will be unable to effectively prepare the case for trial with significant evidentiary issues outstanding. An additional ends-of-justice continuance will not subvert the public's or the defendants' interests in the prompt prosecution of this case.

## CONCLUSION

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant Sandra Pierce Bacon the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

180 days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is **ORDERED** that:

Defendant Sandra Pierce Bacon's Unopposed Motion to Continue Trial, **Doc. 43**, is **GRANTED**;

180 days, from July 30, 2025, to January 26, 2026, will be excluded from the computation of the Speedy Trial Act time;

The ten-day jury trial set for August 4, 2025 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **February 2, 2026** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial. Commencing the second day of trial, the normal trial day will begin at 9:00 a.m. and continue until 5:00 p.m. The trial day will have morning and afternoon recesses of approximately fifteen minutes in duration, and a lunch break of approximately 90 minutes; and

The Trial Preparation Conference set for July 24, 2025 is **VACATED** and **RESET** to **1:30 p.m.** on **January 22, 2026** in Courtroom A1002.

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

It is **FURTHER ORDERED** that:

The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with an accompanying brief, on or before **October 9, 2025**. The defendants must file their responses to the Government's *James* log and brief on or before **October 24, 2025**;

The *James* Hearing set for June 4, 2025 is **VACATED** and **RESET** for **November 5, 2025** at **9:30 a.m.** To the extent the Court has not ruled on the pending motions, Docs. 28, 31, 32, prior to the hearing, those motions will also be addressed at the hearing; and

The remaining pretrial deadlines are set forth below. The following tasks must be completed by the date indicated.

| Date | Task |
|---|---|
| **December 16, 2025** | *Disclose Exhibit Lists* |
| | Each side must serve on the other a disclosure identifying each exhibit it expects to or may offer at trial. This must include all exhibits that may be offered on direct examination, as well as those that may be offered on cross-examination or rebuttal if the need arises, but need not include exhibits that will be used solely for impeachment. The disclosure must include any summary exhibits pursuant to Federal Rule of Evidence 1006. Copies of all exhibits not previously disclosed must also be provided. |
| | Do not file these disclosures via CM/ECF. Thereafter, counsel must confer to eliminate duplicate exhibits and prepare the proposed joint exhibit list that will be filed with the Court. |
| **December 23, 2025** | *Exchange Objections to Exhibits* |
| | The parties must exchange lists of any objections each side has to the exhibits disclosed by the other. Do not file these objections via CM/ECF. Thereafter, the parties must confer and make reasonable, good-faith efforts to resolve their objections. |

| Date | Task |
|---|---|
| **Two weeks** before Trial Preparation Conference (January 8, 2026) | *File Unresolved Exhibit Objections*<br><br>Each side must file its unresolved exhibit objections with the Court. Objections should be filed in the form of a chart with the following columns:<br><br>(a) exhibit number;<br><br>(b) brief exhibit description;<br><br>(c) concisely stated objection with citation to the applicable Federal Rule(s) of Evidence and any pertinent case(s) or other supporting authority. <u>*Do not*</u> use abbreviations or acronyms to state objections (*e.g.*, F for lack of foundation, H for hearsay, etc.);<br><br>(d) blank column for the other side's response to the objection; and<br><br>(e) blank column for the Court's ruling.<br><br>Electronic copies of the objected-to exhibits must be delivered to the Court on USB flash drive or submitted by email to [Domenico_Chambers@cod.uscourts.gov](mailto:Domenico_Chambers@cod.uscourts.gov) as attachments or via secure download link. Do not file the objected-to exhibits via CM/ECF.<br><br>Each side must also email a copy of its objection chart to the other side in editable Excel format. |
| **Two weeks** before Trial Preparation Conference (January 8, 2026) | *File Motions* in Limine *(Optional)*<br><br>Motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. |

| Date | Task |
|---|---|
| **Two weeks** before Trial Preparation Conference (January 8, 2026) | *File Proposed Jury Instructions*<br><br>The parties must jointly file a single integrated set of proposed jury instructions and verdict forms via CM/ECF. The parties should attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. Each instruction should be numbered, and same-subject disputed instructions should be grouped and numbered together (*e.g.*, "Stipulated Instruction No. 1," "Government's Instruction No. 2," "Defendants' Instruction No. 2"). Each numbered instruction must begin on a new page. Each proposed instruction must identify the source of the instruction and supporting authority.<br><br>Whenever practicable and appropriate, the parties should use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates can be found online at https://www.ca10.uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions.<br><br>The parties must also email a copy of their proposed instructions and verdict forms in editable Word format to Domenico_Chambers@cod.uscourts.gov. Proposed verdict forms must be submitted in a separate file from the proposed jury instructions. |
| **One week** before Trial Preparation Conference (January 15, 2026) | *File Responses to Exhibit Objections*<br><br>Each side must file its responses to the other side's objections by filling in the designated column in the chart filed by the other side.<br><br>The responding side must also email an editable Excel copy of the objection chart with responses to Domenico_Chambers@cod.uscourts.gov.<br><br>No replies to exhibit objections will be permitted without leave of Court. |
| **One week** before Trial Preparation Conference (January 15, 2026) | *File Responses to Motions* in Limine<br><br>No replies will be permitted without leave of Court. |
| **One week** before Trial Preparation Conference (January 15, 2026) | *File Trial Briefs (Optional)*<br><br>Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion. If filed, trial briefs must not exceed **2,700 words**. |

| Date | Task |
|---|---|
| **One week** before the Trial Preparation Conference (January 15, 2026) | *File Proposed Witness Lists*<br><br>The parties must file their proposed witness lists via CM/ECF, including an estimate of the time required for their direct examination of each witness. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. |
| **Three business days** before Trial Preparation Conference (January 16, 2026) | *File Proposed Joint Exhibit List*<br><br>The parties must file a proposed joint exhibit list via CM/ECF. The exhibit list form can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. All exhibits must be identified by number only (*e.g.*, "Exhibit 1," not "Plaintiff's Exhibit 1"). Exhibit numbers need not be consecutive. |
| **Three business days** before Trial Preparation Conference (January 16, 2026) | *File Estimated Cross-Examination Time*<br><br>The parties must file an estimate of the time required for their cross-examination of each of the opposing side's witnesses. |
| **Three business days** before Trial Preparation Conference (January 16, 2026) | *File Proposed* Voir Dire *Questions* |
| **Fourteen days** before Trial (January 20, 2026) | *File Any Notice of Disposition Local Crim. R. 11.1(a)*<br><br>Upon the filing of a notice of disposition, the Court will set a change-of-plea hearing. |

| Date | Task |
|---|---|
| **January 22, 2026** at **1:30 p.m.** | *Trial Preparation Conference*<br><br>The parties should be prepared to address the following issues at the Trial Preparation Conference:<br><br>(1) any outstanding motions, including motions *in limine*;<br><br>(2) jury selection, including the parties' proposed *voir dire* questions;<br><br>(3) jury instructions;<br><br>(4) sequestration of witnesses;<br><br>(5) time limits for opening statements;<br><br>(6) timing and presentation of witnesses and evidence;<br><br>(7) any anticipated evidentiary issues, including any objections to exhibits and the necessity for any cautionary or limiting instructions;<br><br>(8) any stipulations of fact or law; and<br><br>(9) any other issue affecting the duration or course of the trial. |
| **Two business days** before Trial (January 29, 2026) | *Submit Trial Exhibits*<br><br>The parties must provide the Court with **one hard copy** of a single integrated set of their trial exhibits (this will be the official set of "original" exhibits) and **three electronic copies** of their trial exhibits. All exhibits must be pre-marked with a label identifying the exhibit number and case number.<br><br>The hard-copy exhibits must be bound in three-ring binders no larger than three inches in width, and the binders must be labeled on the cover and on the spine with the case caption, trial date, and "ORIGINAL."<br><br>The electronic-copy exhibits must be delivered to the Clerk's Office or the Courtroom Deputy on three USB flash drives. Do not file the exhibits via CM/ECF. Except for any video or audio exhibits, electronic exhibits must be in PDF file format. The file name for each electronic exhibit must include the exhibit number and description (*e.g.*, "Ex 1 - Employment Contract.pdf"). |

| Date | Task |
|---|---|
| **First day of Trial** (February 2, 2026 at 8:30 a.m.) | *Submit Final Joint Exhibit List*<br><br>The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final joint exhibit list. The parties may remove any exhibits they no longer expect to or may offer, but they may not add new exhibits not included on their initial exhibit list disclosures without either the consent of the opposing side or leave of Court.<br><br>If the final joint exhibit list differs from that filed previously, the final exhibit list must also be filed via CM/ECF. |
| **First day of Trial** (February 2, 2026 at 8:30 a.m.) | *Submit Final Witness Lists*<br><br>The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final witness lists. The parties may remove any witnesses they no longer expect to or may call, but they may not add new witnesses not disclosed on their initial proposed witness lists without either the consent of the opposing side or leave of Court.<br><br>If the final witness lists differ from those filed previously, the final witness lists must also be filed via CM/ECF. |

DATED: April 29, 2025

BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge